

NUMBER 13-13-00059-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

TRENT JACKSON, 
Appellant,

v.

THE STATE OF TEXAS, 
Appellee.

**On appeal from the 24th District Court
of De Witt County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Perkes and Longoria
Memorandum Opinion by Justice Longoria**

By one issue, appellant Trent Jackson appeals his conviction for forgery of a

financial instrument. *See* TEX. PENAL CODE ANN. § 32.21(b) (West, Westlaw through 2013

3d C.S.). A jury found appellant guilty and assessed two years' imprisonment in state jail,

a fine of $8,718.56, and court costs. Appellant argues the trial court erred by preventing from cross-examining the complainant, John Stevens, regarding whether or not appellant actually stole the checks he allegedly forged. We affirm.

## I. BACKGROUND

Stevens testified at trial that he owned the three checks on which appellant allegedly forged Stevens's signature. Stevens told the court he noticed that a checkbook and three checks from another checkbook were missing after the bank notified him of forgeries in his account and that none of the three checks bore his signature or handwriting. Stevens testified he knew appellant because appellant had visited Stevens's home in the past, but Stevens did not owe him any money. Stevens did not know who stole his property but speculated it was Jessica De Los Santos, the daughter of a friend. Appellant attempted to cross-examine Stevens regarding whether De Los Santos stole the checks and the checkbook, but the State successfully objected on relevancy grounds.[1]

Courtney Ybarra, a teller at the Texas Dow Employee's Credit Union (TDECU), told the court she knew appellant from high school. Ybarra testified that she cashed the first check for appellant and handled the transaction where appellant withdrew the majority of the money from the third check within twenty minutes of deposit. Nicole Nelson, another TDECU teller who also personally knew appellant, testified that she did not know who deposited the second check, but that she helped appellant withdraw most of the money that was deposited from the second check a short time after deposit.[2]

---

[1] Specifically, appellant's counsel asked: "[i]n fact, you do know that Jessica De Los Santos stole checks from you, don't you?"

[2] There is no evidence of appellant depositing the second or third check himself, but the State

2

Linda Thompson, the sister of the mother of appellant's infant son, testified that Jessica De Los Santos asked her to cash the checks but Linda refused. Linda also admitted under cross-examination to having a history of committing theft. Olivia Thompson, another of Linda's sisters, testified that Jessica asked her to cash the checks, but Olivia also refused.

## II. DISCUSSION

By one issue, appellant argues the trial court erred by sustaining the State's relevancy objection to appellant's cross-examination of Stevens. Appellant alleges that the ruling prevented him from casting doubt as to whether or not appellant stole the checkbook and the three checks. Appellant asserts that his attempted cross-examination was relevant because the prosecution must, for any offense, prove the name of the accused who committed the crime. See TEX. CODE CRIM. PROC. ANN. arts. 21.02, 21.07, 21.21 (West, Westlaw through 2013 3d C.S.).[3] If he had an opportunity to cross-examine Stevens regarding De Los Santos, appellant asserts it would have raised reasonable doubts as to his guilt.

The State responds that cross-examination would not have raised reasonable doubts regarding whether or not appellant committed the charged offense. The State contends that the identity of the person who initially stole the checkbook is irrelevant because the elements of forgery of a financial instrument do not include theft of the instrument. See TEX. PENAL CODE ANN. § 32.21. We agree.

---

alleged that appellant withdrew the majority of the money less than half an hour after each deposit.

[3] We note that articles 21.02, 21.07, and 21.21 involve some of the requirements of an indictment or information but not the sufficiency of the evidence supporting a conviction. See TEX. CODE CRIM. PROC. ANN. arts. 21.02, 21.07, 21.21 (West, Westlaw through 2013 3d C.S.).

Appellant is correct that the State has the burden to prove beyond a reasonable doubt the identity of the person who committed the charged offense. *See Wiggins v. State*, 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.). However, the State is correct that elements of the offense of forgery of a financial instrument do not include theft of the instrument.[4] *See* Tex. Penal Code Ann. § 32.21. Appellant does not explain how the identity of the person who stole the checkbook and the three checks would have raised reasonable doubt regarding his identity as the person who committed the charged offense.[5] *See Wiggins*, 255 S.W.3d at 771. We conclude from this that the trial court did not err in sustaining the State's objection to appellant's cross-examination of Stevens. *See id.* We overrule appellant's sole issue.

### III. Conclusion

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
14th day of August, 2014.

---

[4] To make a legally sufficient case for the offense of forgery of a financial instrument, the State was required to prove that appellant: (1) possessed a writing; (2) that purported to be the act of another; (3) who did not authorize the act; (4) passed the writing; (5) with the intent to defraud or harm another. *See* Tex. Penal Code Ann. § 32.21(a), (b) (West, Westlaw through 2013 3d C.S.); *see also Ford v. State*, 282 S.W.3d 256, 261 (Tex. App.—Austin 2009, no pet.).

[5] Appellant also does not address the video recording depicting him passing the first check or the testimony from the bank tellers positively identifying him as the same person as on the video.

4